UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

Case No. 10-23882-CIV-TORRES

CONSENT CASE

FIREMAN'S FUND INSURANCE COMPANY,
as subrogee of Miami Perfume Junction,
and MIAMI PERFUME JUNCTION,

                              Plaintiffs,

v.

SEABOARD MARINE LTD., INC.,
PRO TRANSPORT CHARLESTON, INC.,
and PRO TRANSPORT, INC.

                              Defendants.

_____/

**ORDER ON DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT PERTAINING TO DAMAGES**

This matter is before the Court on Defendant Seaboard Marine Ltd., Inc.'s ("Seaboard") Motion for Partial Summary Judgment Pertaining to Damages [D.E. 36] filed June 13, 2011; Plaintiffs Fireman's Fund Insurance Company ("Fireman's") and Miami Perfume Junction's ("Miami Perfume") Response in Opposition thereto [D.E. 40] filed June 22, 2011; and Defendant's Reply [D.E. 41] filed June 27, 2011. The Court has reviewed the motion, the response, the reply, related authorities submitted by the parties, and the record in this case. For the following reasons, the Motion for Partial Summary Judgment is **GRANTED** in part and **DENIED** in part.

## *I. BACKGROUND*

According to the Amended Complaint, on or about October 14, 2009, Seaboard entered into a contract for the carriage of a 40-foot container of perfumery products. [D.E. 26]. Plaintiff Miami Perfume was the consignee of the goods. The bill of lading that was issued for the subject shipment listed the following pertinent information under "DESCRIPTION OF PACKAGES AND GOODS":

    40' DRY CONTAINER S.L.W.C.
        55 CARTONS
    PERFUMERY PRODUCTS
    25 PALLETS WITH 776 CARTONS
    30 CARTON

[D.E. 36-1].

Seaboard carried the cargo aboard the *Seaboard Costa Rica* to the Port of Miami, and released the cargo from the port terminal to Pro Transport, Inc., after receiving written orders from Miami Perfume to do so. [D.E. 36]. After leaving Seaboard's Port of Miami terminal via Pro Transport, the shipment arrived at the Pro Transport Terminal overnight and departed the morning of October 27, 2009, arriving at Miami Perfume's warehouse later that morning. When the container was unloaded, it was discovered that approximately 309 cartons of perfumery product were missing. Fireman's paid the sum of $292,234.00 to Miami Perfume in full settlement of its claim under the policy of insurance covering the transportation of the container of perfumery products. [D.E. 26]. As a result, Fireman's is subrogated to the rights of the assured and consignee of the subject container. Fireman's alleges six counts against one or all of the three Defendants.

On June 13, 2011, Seaboard filed the pending Motion for Partial Summary Judgment Pertaining to Damages, claiming that, because this case is governed by the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. § 30701 note,[1] which applies to each and every claim for cargo loss arising out of a shipment to or from the United States by ocean carrier, then the following provision of COGSA applies:

> Neither the carrier nor the ship shall . . . be . . . liable for any loss . . . in connection with the transportation of goods in an amount exceeding $500 per package . . . or in case of goods not shipped in packages, per customary freight unit . . ., unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading.  This declaration, if embodied in the bill of lading, shall be prima facie case evidence, but shall not be conclusive on the carrier.

46 U.S.C. § 30701 note (hereinafter "Section 4(5)").  The bill of lading between Miami Perfume Junction and Seaboard also provides:

> Except as otherwise provided in this Clause or elsewhere in this Bill of Lading, in case of any loss or damage to or in connection with cargo exceeding in value the equivalent of $500 lawful money of the United States per package, or in the case of cargo not shipped in packages, per shipping unit, the value of the cargo shall be deemed to be $500 per package or per shipping unit.

[D.E. 36-1].  Seaboard claims, based on the above, that because the perfumery products were listed as being bundled in "25 PALLETS" on the bill of lading, then the COGSA section 4(5) liability limitation should apply to those 25 pallets as the COGSA "packages."  Thus, if Seaboard were found liable for the loss or theft (which it denies), then the maximum amount of damages that Fireman's could possibly

---

[1] The Carriage of Goods by Sea Act (COGSA), formerly published at 46 U.S.C. Appx. § 1301 *et seq.*, was not recodified when the Appendix to 46 United States Code was recodified in 2006.  *See* Pub. L. 109-304 (2006).  COGSA is now published in the United States Code as part of the historical and revision notes to the recodification of the Harter Act, 46 U.S.C. § 30701.

recover from Seaboard would be limited to the product of $500 multiplied by the number of pallets—a total of $12,500. [D.E. 36]. In its response, Plaintiffs argue that the "776 CARTONS" of perfumery products should be considered the COGSA "packages," not the 25 pallets. [D.E. 40]. In reply, Seaboard argues in the alternative that, should this Court not accept Seaboard's argument that the pallets should be considered the COGSA "package," then the maximum amount that Fireman's could possibly recover from Seaboard should still be limited to the product of $500 multiplied by the 309 alleged missing cartons—a total of $154,500—and not the $292,234.00 which it claims in the Amended Complaint that it is entitled to. [D.E. 41].

## II. ANALYSIS

### A. *Summary Judgment Standard*

A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). It is required that "the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477

U.S. 321, 324 (internal quotations omitted).  Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).

> **B.**   ***The Cartons Are Considered the "Packages" for Purposes of Limiting Defendant's Liability Under COGSA***

The contention between the parties in this Motion boils down to the definition of the word "package" in COGSA Section 4(5).  Congress did not assign a specialized or technical meaning to the word "package," and what does or does not constitute a "package" for the purposes of the COGSA damages limitation is an issue that has plagued courts across the country.  In this Circuit, "we approach any attempt to define a container as a COGSA package with great reluctance. Moreover, our inquiry into the matter does not end at a quick glance at the 'number of packages' column on the bill of lading."  *Fishman v. Tobin, Inc. v. Tropical Shipping & Constr. Co.*, 240 F.3d 956, 964 (11th Cir. 2001) (footnote omitted); *see also Monica Textile Corp. v. S.S. Tana*, 952 F.2d 636, 641 (2d Cir. 1991) (noting that courts "have consistently cast a jaundiced eye" upon agreements that containers be COGSA packages).  The Eleventh Circuit has stated:

> The dictionary definitions of "package," though alone insufficient, provide at least a starting point in this inquiry. Webster's Third New International Dictionary 1617 (1966) defines a package as follows: "a small or moderate sized pack: bundle, parcel . . . a commodity in its container . . . a covering wrapper or container . . . a protective unit for storing or shipping a commodity."  The word "package" is defined in

> Black's Law Dictionary 1262 (rev. 4th ed. 1968) as: "a bundle put up for transportation or commercial handling; a thing in form to become, as such, an article of merchandise or delivery from hand to hand . . . . As ordinarily understood in the commercial world, it means a shipping package."

*Vegas v. Compania Anomina Venezolana de Navegacion*, 720 F.2d 629, 631 (per curiam) (quoting *Mitsui & Co. v. American Export Lines, Inc.*, 636 F.2d 807, 821 (2d Cir. 1981 (quoting *Hartford Fire Ins. Co. v. Pacific Far East Line, Inc.*, 491 F.2d 960, 963 (9th Cir.), *cert. denied*, 419 U.S. 873 (1974))). Looking into the record in this case, it is apparent that both the cartons and the pallets as enumerated in the bill of lading could fit within the above definitions of "package."

To the extent that a description of "package" is ambiguous, in the Eleventh Circuit the ambiguity must be resolved in favor of the shipper or consignee. *Sony Magnetic Prods., Inc. v. Marieviente, O/Y*, 863 F.3d 1537 (11th Cir. 1989). And given the "congressional purpose to limit agreements restricting carriers' liability," the original purpose of COGSA, the Eleventh Circuit has held that justification exists that the five hundred dollar limitation should not be applied to packages (such as cartons) that "except for such consolidation [into pallets], the five hundred dollar limitation would apply." *Vegas*, 720 F.2d at 631; *see also Ins. Co. of North America v. M/V Frio Brazil*, 729 F. Supp. 826, 836 (M.D. Fla. 1990) (stating that, notwithstanding defendants' contentions, cartons are the relevant "package" for the purposes of section 4(5) where a bill of lading listed the shipped product as "160 PALLETS CONTAINING: 12,000 (TWELVE THOUSAND) CARTONS WITH 12 PACKAGES OF 1,000 ML EACH ONE CONTAINING FROZEN CONCENTRATED ORANGE JUICE"); *cf. Groupe Chegaray/V. De Chalus v. P&O Containers*, 251 F.3d

1359, 1368 (11th Cir. 2001) (holding that 42 pallets were considered COGSA packages, not 2260 cartons, because the bill of lading "could not have been more clear . . . [in describing] the pallets as 'packages'"). Therefore, this Court holds, as a matter of law, that the cartons listed in the bill of lading should be considered the COGSA "package."

The language of COGSA is clear that liability should be limited to $500 multiplied by the number of packages. As we have now held that the cartons are to be considered the COGSA "package," and as Fireman's is claiming the loss of 309 cartons of perfumery products, then Seaboard's potential liability to Fireman's must, as a matter of law, be limited to the product of those two figures: $154,500.00.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Seaboard's Motion for Partial Summary Judgment Pertaining to Damages [D.E. 36] is **GRANTED in part** and **DENIED in part**.  If found liable for the loss of the cargo, Defendant Seaboard's liability will be limited to $154,500.00.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of November, 2011.

EDWIN G. TORRES
United States Magistrate Judge