UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

Case No. 10-23882-CIV-TORRES

CONSENT CASE

FIREMAN'S FUND INSURANCE COMPANY,
as subrogee of Miami Perfume Junction,
and MIAMI PERFUME JUNCTION,

    Plaintiffs,

v.

SEABOARD MARINE LTD., INC.,
PRO TRANSPORT CHARLESTON, INC.,
and PRO TRANSPORT, INC.

    Defendants.
_____/

**ORDER ON PRO TRANSPORT'S MOTION FOR
<u>PARTIAL SUMMARY JUDGMENT ON DAMAGES</u>**

    This matter is before the Court on Defendant Pro Transport Charleston, Inc.'s ("Charleston") Motion for Partial Summary Judgment [D.E. 44] filed August 15, 2011; Plaintiffs Fireman's Fund Insurance Company ("Fireman's") and Miami Perfume Junction's ("Miami Perfume") Response in Opposition thereto [D.E. 45] filed August 29, 2011; and Pro Transport's Reply [D.E. 46] filed September 8, 2011.  The Court has reviewed the motion, the response, the reply, related authorities submitted by the parties, and the record in this case.  For the following reasons, the Motion for Summary Judgment is **DENIED**.

## *I. BACKGROUND*

According to the Amended Complaint, on or about October 14, 2009, Seaboard entered into a contract for the carriage of a 40-foot container of perfumery products. [D.E. 26]. Plaintiff Miami Perfume was the consignee of the goods. The bill of lading that was issued for the subject shipment listed the following pertinent information under "DESCRIPTION OF PACKAGES AND GOODS":

> 40' DRY CONTAINER S.L.W.C.
> 55 CARTONS
> PERFUMERY PRODUCTS
> 25 PALLETS WITH 776 CARTONS
> 30 CARTON

[D.E. 36-1].

Seaboard carried the cargo aboard the *Seaboard Costa Rica* to the Port of Miami, and released the cargo from the port terminal to Charleston after receiving written orders from Miami Perfume to do so. [D.E. 36]. After leaving Seaboard's Port of Miami terminal via Charleston, the shipment arrived at a Pro Transport, Inc. terminal overnight and departed the morning of October 27, 2009, arriving at Miami Perfume's warehouse later that morning. When the container was unloaded, it was discovered that approximately 309 cartons of perfumery product were missing. Fireman's paid the sum of $292,234.00 to Miami Perfume in full settlement of its claim under the policy of insurance covering the transportation of the container of perfumery products. [D.E. 26].

As a result, Fireman's is subrogated to the rights of the assured and consignee of the subject container. Fireman's now alleges six counts against one or all of the

three Defendants. The issues in this motion relate to Pro Transport Charleston's liability for the loss of the container.

The record, in the light most favorable to Fireman's as non-moving party, supports the finding that, after the container arrived at the Port, Miami Perfume Junction, as the consignee of the container of perfumery products, instructed Seaboard Marine to release the container to Charleston on October 27, 2009. Contrary to Miami Perfume Junction's instructions, Charleston picked up the container at Seaboard's terminal on the afternoon of October 26, 2009. The container was not, however, immediately delivered to Miami Perfume Junction's warehouse in Doral, Florida. That did not actually occur until the following morning, on October 27, 2009. Instead, the container was first transported from Seaboard's terminal to a Medley, Florida facility owned by Pro Transport Inc., arriving at 7:00 p.m. on October 26 and stored overnight until 7:24 a.m. on the morning of October 27th. Only from there was it was finally delivered to the Doral warehouse.

When the container was unloaded at Miami Perfume Junction's warehouse it was discovered that approximately 309 cartons of perfumery product were missing. Subsequent inspection revealed evidence that the hinges on the container door(s) had been tampered with, indicating someone had gained access to the container without breaking the security seals – a known practice – and removed cargo from the container.

Charleston now asserts in this motion for summary judgment that its liability for damages must be limited to the terms of the bill of lading pursuant to Fla. Stat. § 677.309. Fireman's concedes that ordinarily this would be the case under Florida law; however, in this instance the circumstances involved do not warrant limitation of

liability because Miami Perfume Junction was not afforded an adequate opportunity to declare a value for its goods in the bill of lading. Moreover, Fireman's contends that Charleston cannot limit its liability if it is found to have converted the lost and/or stolen property, over which there is a genuine issue of fact.

## II.  ANALYSIS

### A.  *Summary Judgment Standard*

A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). It is required that "the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 321, 324 (internal quotations omitted). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

B.  *The Bill of Lading Limitation of Liability*

Florida Statute § 677.309(2) (2010) provides:

> Damages may be limited by a term in the bill of lading or in a transportation agreement that the carrier's liability may not exceed a value stated in the bill or transportation agreement if the carrier's rates are dependent upon value and the consigner is afforded the opportunity to declare a higher value and the consigner is advised of the opportunity.

Charleston relies on this provision and argues that Fireman's damages will be limited to the lesser amount of $.50 per pound of the goods lost or damaged or the actual value of the goods pursuant to the terms of the Charleston bill of lading. Charleston also points out that the bill of lading contains a "DECLARED VALUE" provision. Fireman's maintains, however, that Miami Perfume Junction was never afforded the opportunity to declare a higher value as required by Fla. Stat. § 677.309(2). Accordingly, the limitation of liability on this bill of lading is ineffective.

In order to effectively afford a shipper an opportunity to declare a higher value, a carrier must present the shipper with the bill of lading before it becomes responsible for transporting the goods. *See Allied Van Lines, Inc. v. Bratton,* 351 So. 2d 344, 346-48 (Fla. 1977) (shipper's damages were subject to the limitation provision in the bill of lading because she was presented with and afforded an opportunity to declare value in the bill of lading before the carrier commencing transport) (affirming *Allied Van Lines, Inc. v. McKnab,* 331 So. 2d 319 (Fla. 2d DCA 1976) (shipper was not bound by limitation of liability provision in bill of lading because misrepresentations by

carrier's agent prior to shipping prevented shipper from effectively declaring a value for her goods)).

Although a "DECLARED VALUE" clause was included in the bill of lading, Miami Perfume Junction was not presented with the bill of lading until after delivery by Charleston was completed. Fireman's thus concludes that Miami Perfume Junction therefore was not effectively afforded the opportunity to declare a higher value of its goods under section 677.309(2) and hence issues of genuine material fact remain.

Notably, Charleston does not directly challenge this factual assertion. Instead, Charleston contends that it is inconsequential because Miami Perfume Junction had a long term arrangement with Charleston for the movement of containers from the Port of Miami and Port Everglades to its facility in Miami, Florida, as evidenced by several bills of lading attached to the reply.

There is certainly UCC authority that a prior course of dealings may show the practice of limiting liability in transactions for the shipment of goods. *See, e.g., Rational Software Corp. v Sterling Corp.,* 393 F.3d 276 (1st Cir. 2005). Miami Perfume Junction did not declare a higher value for this particular shipment, Charleston points out, because it had never declared a higher value on any shipment prior to October 26, 2009, and has never declared a higher value for any shipment subsequent to October 27, 2009. Therefore, Miami Perfume's course of dealings evidence that it would not have declared a higher value on the bill of lading even if it had been presented with it beforehand. And, Charleston concludes, the statutory limitation of liability should govern the damages in the case.

As Charleston concedes, however, there is little Florida authority on this particular issue. The case that Charleston primarily relies upon, *Rational Software,* was a case where the Court found *after* a bench trial that the parties' course of dealing, involving *200* prior transactions, required the Court to find that the carrier's liability was limited to 60 cents per pound and that the shipping company was on notice of the limitation. Here, however, the record evidencing the course of dealing that Charleston relies upon is far more scant. The prior shipments' bills of lading, which were not even part of the original summary judgment record, address approximately twelve shipments. The Court finds it difficult to determine, as a matter of law, that these twelve shipments establish a course of dealing that mitigates against the fact in this record that the bill of lading was not presented until after the shipment.

Clearly, the inference that can be drawn even from these limited number of shipments is that Miami Perfume Junction was on notice of the limitation of liability and had implicit opportunity to alter that course for this particular shipment. On summary judgment, however, the inferences must be drawn in Fireman's favor. Though certainly a close call, we are loathe to find that summary judgment is warranted where inferences could reasonably be drawn differently by the trier of fact. And where there is no other evidence supporting the course of dealing that Charleston speaks of, such as correspondence between the parties or sworn testimony that confirms both parties' understanding of that course of dealing, summary judgment is not the appropriate vehicle to resolve this issue. Like *Rational Software,* the trier of fact will have to make this ultimate decision.

Accordingly, the motion for summary judgment should be denied as genuine issues of fact remain in this record with respect to the bill of lading's limitation of liability under section 677.309. Having reached that conclusion, we need not definitively resolve the second argument raised in opposition to the motion with respect to Charleston's alleged conversion of those goods for its own use. If there is, in fact, a sufficient factual basis to make that claim Fireman's will be able to do so at trial before the trier of fact.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as that Defendant's Charleston's Motion for Partial Summary Judgment on Damages is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of November, 2011.

EDWIN G. TORRES
United States Magistrate Judge